UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 03:06-CR-0043-LRH (RAM) |
| ) | |
| vs. ) | |
| ) | ORDER |
| MICHAEL PATRICK MILLER, ) | |
| ) | |
| Defendant. ) | |

Presently before this court is Defendant Michael Miller's motion for suppression of evidence (#28[1]). The United States filed an opposition (#30), to which Defendant replied (#34). The court held a hearing on the matter on December 14, 2006. In reaching its decision, the court has considered the testimony provided at the hearing, the arguments of counsel, the briefs filed and all other pertinent matters.

For the purpose of the court's analysis, the court will assume that Defendant tossed the duffel bag containing a shotgun over the balcony ledge of the third floor motel room in which he was located when probation officers either knocked upon or entered through the front door. From such an act, the court finds that the duffel bag was abandoned by Defendant.

Abandonment is a question of intent focusing on whether "through words, acts or other objective indications, a person has relinquished a reasonable expectation of privacy in the property at the time of the search or seizure." *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986). Two important factors to consider in making a determination that property was

---

[1] References to (#XX) refer to the court's docket.

abandoned are denial of ownership and physical relinquishment of the property. *Id.* However, the ultimate test is one considering the totality of the circumstances. *Id.*

Defendant relinquished physical control of the property when he tossed the bag out of the motel room and into the public space below. Any person who found the bag outside and on the ground could have searched or seized it. Defendant's action, in tossing the bag out of the motel room, was inconsistent with a continued expectation of privacy in the property. When Defendant abandoned the property, he retained no Fourth Amendment protections which would preclude the police from searching the bag. *See United States v. Jackson*, 448 F.2d 963, 971 (9th Cir. 1971) ("What a person knowingly exposes to the public is not a subject of Fourth Amendment protection.").

Further, the police found the bag independent of the arrest of Defendant in the motel room. Upon finding the abandoned bag the police had authority to search the bag without Defendant's consent. Accordingly, the search of Defendant's bag is not the fruit of the allegedly unlawful search or seizure of Defendant and therefore is not excluded under the fruit of the poisonous tree doctrine. Defendant's arguments to that effect are moot.

Finally, Defendant has argued that he was coerced into admitting ownership of the gun when he was thereafter questioned by the police because he was told that his girlfriend would be indicted as the owner of the gun if he did not claim ownership. An involuntary statement made because of coercion is not admissible at trial. *See Chaves v. Martinez*, 538 U.S. 760, 769 (2003) (noting that those subjected to coercive police interrogations have an automatic protection from the use of their involuntary statements in any subsequent criminal trial). A statement is involuntary if the will of the defendant was overborne in such a way as to render his confession a product of coercion. *Arizona v. Fulminante*, 499 U.S. 279, 288 (1991). Determining whether a statement is involuntary the court must consider the totality of the circumstances. *Haynes v. Louisiana*, 373 U.S. 503, 513 (1963).

Considering the totality of the circumstances, the court concludes that the evidence does not show that Defendant's will was overborne in such a way as to render his confession a product of coercion. A gun had been found in a duffel bag tossed from a motel room in which only

Defendant and his girlfriend were found. Thus, either Defendant or his girlfriend could be charged with possession of the weapon. The statement that the girlfriend would be charged if Defendant did not accept ownership was not trickery, but merely a recitation of likely fact given the circumstances at hand. Accordingly, the court sees no reason, especially given that no other forms of coercion have been alleged, to determine that Defendant's will was so overborne by a statement of fact that his statements were coerced and involuntary. *Cf., United States v. Miller*, 984 F.2d 1028, 1031 (9th Cir. 1993) (noting that the use of deception does not render a confession involuntary provided the confession is a product of the suspects own balancing of competing considerations).

The police were entitled to search the duffel bag because it had been abandoned. Further, there is no evidence to support a conclusion that Defendant's will had been overborne, thereby creating an involuntary and coerced confession. As such:

It is hereby ORDERED that Defendant's motion to suppress (#28) is DENIED.

DATED this 15th day of December, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE